UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTURO R. REYES,<br><br>                Plaintiff,<br><br>      v.<br><br>WASHINGTON STATE PATROL,<br><br>                Defendant. | Case No.  C08-5024RJB-KLS<br><br>ORDER TO SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

On January 10, 2008, plaintiff filed a civil rights complaint in which he alleged the Washington State Patrol seized certain funds from him in violation of his due process and equal protection rights. (Dkt. #1-2). On February 28, 2008, plaintiff filed an amended complaint that contained the same allegations. (Dkt. #6). Because an amended pleading operates as a *complete* substitute for an original pleading, the Court shall treat plaintiff's amended complaint as the complaint currently pending before it. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). However, the amended complaint is deficient.

Under the Eleventh Amendment to the United States Constitution, a state is not subject to suit by its own citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as well. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983.[1] Howlett, 496 U.S. at 365. The only defendant plaintiff has named in either his original or amended complaint is the Washington State Patrol, an agency of the State of Washington. As such, the

---

[1] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

ORDER
Page - 2

1  Washington State Patrol is immune from liability here.

2  Due to the deficiencies described above, the Court will not serve the amended complaint.  Plaintiff
3  shall file a second amended complaint, curing, if possible, the above noted deficiency, or show cause
4  explaining why this matter should not be dismissed by **no later than April 26, 2008**.  The second
5  amended complaint must carry the same case number as this one.  If a second amended complaint is not
6  timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of
7  this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28
8  U.S.C. § 1915(g).

9  Plaintiff is advised that, as discussed above, an amended pleading operates as a *complete*
10 substitute for an original pleading. See Ferdik, 963 F.2d at 1262.  Thus, if plaintiff chooses to file a
11 second amended complaint, the Court will not consider his original complaint.

12 The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended
13 complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to
14 plaintiff.

15 DATED this 27th day of March, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge